■ JERICHO WATER DISTRICT, Respondent, v S. ZARA & SONS CONTRACTING CO., INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Pantano, J.), dated February 25, 1985, which (1) denied its motion to (a) dismiss plaintiff's verified amended complaint, (b) require plaintiff to supply a further bill of particulars or, in the alternative, preclude it from adducing evidence as to those items for which particulars were not adequately furnished, (c) vacate or modify plaintiff's demand for a bill of particulars on defendant's counterclaim, and (d) require plaintiff to comply with defendant's first and second notices for discovery and inspection, (2) *sua sponte* dismissed defendant's counterclaim and (3) granted plaintiff's cross motion, *inter alia,* for leave, nunc pro tunc, to serve the amended verified complaint previously served and, in effect, granted those branches of the cross motion which were to (a) determine that its bill of particulars was in full compliance with defendant's demand and deny defendant an order of preclusion, (b) relieve plaintiff from compliance with defendant's first notice for discovery and inspection and (c) relieve plaintiff from compliance with items numbers 1, 5, 8, 15 (a), 15 (b) and 15 (c) of defendant's second notice for discovery and inspection.

Order modified by (1) adding a provision granting plaintiff leave to serve another verified amended complaint which shall not separately state claims for punitive damages and presently unascertained future damages as separate causes of

action, but which may contain allegations that the plaintiff has suffered such damages as part of its substantive causes of action sounding in breach of contract, trespass and negligence; (2) adding thereto a provision that the branch of the defendant's motion which was to require the plaintiff to serve a further bill of particulars or, in the alternative, preclude it from adducing evidence as to those items for which particulars were not adequately furnished is granted to the extent of precluding the plaintiff from adducing evidence as to the matters covered by items numbers 2, 3 (a), 3 (b), 3 (d) and 4 of the defendant's demand unless the plaintiff serves a supplemental bill of particulars as to those items, and that the branch of the plaintiff's motion which was for a determination that its bill of particulars was in full compliance with the defendant's demand is denied; (3) adding thereto a provision that (a) the branch of the defendant's motion which was to vacate or modify the plaintiff's demand for a bill of particulars as to its counterclaim is granted to the extent of striking items numbers 1, 2, 3, 4, 5, 24, 25 and 30 and striking those portions of items numbers 12, 13, 15, 16 and 33 as request copies of notices, memoranda, reports and/or invoices, and (b) the branch of the plaintiff's motion which was to compel the defendant to serve a bill of particulars in compliance with its demand is granted except as to those items of the demand which have been stricken as set forth above; (4) adding thereto a provision that the branch of the defendant's motion which was to compel the plaintiff to comply with its first notice for discovery and inspection is denied and that branch of the plaintiff's cross motion which was to relieve it from compliance with said first notice for discovery and inspection is granted, both subject to a renewed motion by the defendant to compel compliance therewith upon a showing that the documents sought to be discovered are not matters of public record and cannot otherwise be obtained and that they are material and necessary to the defense of the action; (5) adding thereto a provision that that branch of the plaintiff's cross motion which was to relieve it from compliance with items numbers 1, 5, 8, 15 (a), 15 (b) and 15 (c) of the defendant's second notice for discovery and inspection is granted and that branch of defendant's motion which was to compel compliance with its second notice of discovery and inspection is denied as to items numbers 1, 5, 8, 15 (a), 15 (b) and 15 (c) thereof, and is granted, on consent, in all other respect; and (6) deleting the provision which, *sua sponte*, dismissed the defendant's counterclaim, and substituting therefor a provision granting that

branch of plaintiff's cross motion which was to require defendant to supply a bill of particulars on the counterclaim. As so modified, order affirmed, without costs or disbursements. The plaintiff's time to serve another verified amended complaint, to serve its supplemental bill of particulars, and to comply with defendant's second notice for discovery and inspection, as amended, is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry. The defendant's time to serve its bill of particulars as to its counterclaim in response to plaintiff's demand, as amended, is similarly extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry.

Plaintiff's seventh cause of action, which contains only a demand for punitive damages, does not amount to a separate cause of action (see, Beck v General Tire & Rubber Co., 98 AD2d 756, 757). The sixth cause of action, which demands damages for "permanent" loss of support to plaintiff's water mains and facilities as a result of defendant's negligence, is "inextricably interwoven" with plaintiff's claim for damages in its first through fifth causes of action (see, e.g., Ragto, Inc. v Schneiderman, 69 AD2d 815, affd for reasons stated in mem at App Div 49 NY2d 975). Therefore, these demands for relief should not have been asserted as separate causes of action.

It was not error for Special Term to grant plaintiff leave to amend its complaint so as to increase the amount of damages demanded, since defendant failed to establish that it would be prejudiced by the amendment (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23, rearg denied 55 NY2d 801).

Plaintiff's replies to items numbers 2, 3 (a), 3 (b), 3 (d) and 4 of defendant's demand for a bill of particulars were improper because they were conclusory and general (see, Bergman v General Motors Corp., 74 AD2d 886).

The items stricken from plaintiff's demand for a bill of particulars as to defendant's counterclaim are improper as they request evidentiary material (see, Cirelli v Victory Mem. Hosp., 45 AD2d 856).

Defendant's first notice for discovery and inspection seeks a variety of documents which appear to be public records and which have not been shown to be material or necessary to the defense of this action. Similarly, defendant has failed to establish the materiality or necessity of items numbers 1, 5, 8, 15 (a), 15 (b) and 15 (c) of its second notice for discovery and inspection.

Finally, Special Term erred in dismissing defendant's coun-

terclaim on the ground that that counterclaim was served on defendant's behalf by a different set of attorneys from those who served defendant's answer. Defendant's insurer's attorneys served the verified answer to the amended complaint, in which they asserted that plaintiff's negligent and culpable conduct contributed to plaintiff's damages. Subsequently, defendant's general counsel brought a counterclaim demanding damages under each of three causes of action alleging that plaintiff's negligence and breach of contract caused defendant to incur additional expenses in the completion of certain contracts with Nassau County. While defendant's insurance company does have an interest in proving plaintiff's contributory negligence, that interest is only to the extent of exculpating defendant from liability. The insurance company has no interest in seeing defendant recover the damages it allegedly incurred. Therefore, diverse interests present a need for two attorneys, and defendant is entitled to have separate counsel handle its counterclaim to recover damages *(see, e.g., Chemprene, Inc. v X-Tyal Intl. Corp.,* 55 NY2d 900). Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.