■ POSH PILLOWS, LTD., Appellant, v GEORGE T. HAWES, Respondent.—In an action for a judgment declaring the rights and duties of the parties under a lease, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated December 22, 1986, which granted the defendant's motion for partial summary judgment, and (2) an order of the same court, dated December 3, 1986, which denied its motion for a protective order vacating the defendant's entire demand for a bill of particulars and striking items Nos. 1, 5, 6 and 7 of the defendant's demand for discovery and inspection.

Ordered that the order dated December 22, 1986 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated December 3, 1986 is reversed, without costs or disbursements, the plaintiff's motion for a protective order is granted, the defendant's demand for a bill of particulars is vacated and items Nos. 1, 5, 6 and 7 of the defendant's demand for discovery and inspection are also vacated.

The plaintiff argues on appeal that a triable issue of fact exists as to whether the parties intended paragraph 26 of the lease, permitting the defendant landlord to take part of the leased premises in order to comply with "any law, ordinance or order of a governmental authority", to apply when the violation of law was created by the landlord during the period of the lease. Ordinarily, the interpretation of written agreements poses a question of law for the court to resolve on the basis of the writing alone without resort to extrinsic evidence (see, Chimart Assocs. v Paul, 66 NY2d 570, 572; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291). Where the court determines as a threshold issue that the terms of the agreement are ambiguous and the intent of the parties becomes a matter of inquiry, parol evidence is permitted. However, on a motion for summary judgment the court may interpret the ambiguous language where the parties do not submit extrinsic evidence to shed light on the meaning of their words (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra).

The opposing party may not defeat a motion for summary judgment based upon such a contract by a conclusory assertion that the contract is ambiguous. The opponent must also set forth in evidentiary form the extrinsic evidence upon which it relies to support the construction it urges (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra, at 290).

At bar, the lease provision in issue was unambiguous on its face and thus no triable issue of fact was presented for a jury's determination. Even if an ambiguity in the lease provision had been found to exist, the plaintiff failed to submit any parol evidence on the motion for partial summary judgment. In the absence of such evidence, the Supreme Court was presented solely with a question of law, determinable on the basis of the four corners of the instrument. We find that the Supreme Court properly interpreted the lease to permit the landlord to take 100 square feet of the leased premises in order to cure a violation of the State and Village of Freeport

building codes respecting the inner staircase. We note in this regard that having failed in the first instance to controvert the existence and extent of the violation alleged in the supporting papers of the defendant, the plaintiff is deemed to have admitted such facts (see, Kuehne & Nagel v Baiden, 36 NY2d 539, 544; Costello Assocs. v Standard Metals Corp, 99 AD2d 227, 229, appeal dismissed 62 NY2d 942).

We find, however, that the court erred in denying the plaintiff's motion for a protective order as to the demand for a bill of particulars and the notice for discovery and inspection. The defendant's demand for a bill of particulars improperly includes requests for detailed information of an evidentiary nature (see, e.g., 176-178 Ashburton Ave. Corp. v New York Prop. Ins. Underwriting Assn., 125 AD2d 653; Jericho Water Dist. v Zara & Sons Contr. Co., 116 AD2d 622, 624). Moreover, the disputed items in the notice for discovery and inspection on the whole are palpably improper as much of the information sought thereunder is not relevant to the issues in the case. Under the circumstances, this court will not involve itself in pruning either the demand for a bill of particulars (see, 176-178 Ashburton Ave. Corp. v New York Prop. Ins. Underwriting Assn., supra; Manchester Deli v County of Dutchess, 114 AD2d 1013) or the notice for discovery and inspection (see, Handy v Geften Realty, 129 AD2d 556), but rather will vacate the entire demand and those items challenged in the notice for discovery and inspection. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.