■ NORTH FORK BANK & TRUST COMPANY, Appellant, v ROMET CORP. et al., Respondents. [596 NYS2d 449] —In an action to recover amounts due on two promissory notes, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated January 16, 1991, which denied its motion, *inter alia,* for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County for entry of an appropriate judgment in favor of the plaintiff in the principal sums of $2,149,386 and $500,000, and for a hearing on the issue of attorneys' fees.

The plaintiff North Fork Bank & Trust Company (hereinafter the Bank) brought this action to recover amounts due on two promissory notes executed by the defendant Romet Corporation (hereinafter Romet) and corresponding personal guaranties executed by the defendant Michael Forte, the president of Romet, after Romet defaulted on interest payments under the terms of the loans. The Bank provided Romet with two loans in connection with Romet's plans to build a retirement community on County Line Road in Amityville, Suffolk County. Due to slow sales of condominiums in the project,

Romet began requesting that the Bank make advances to cover its quarterly interest payments. Although the Bank apparently did so on one occasion, it refused to do so again and notified Romet that it expected Romet to carry the interest on the loan. When Romet did not make subsequent quarterly interest payments, the Bank declared the notes fully due and payable.

The Bank is entitled to summary judgment on the notes. It is well settled that courts are to enforce, not rewrite, contracts *(Shames v Abel,* 141 AD2d 531, 533-534), and they may not "by construction add or excise terms, nor distort the meaning of those used and thereby 'make a new contract for the parties under the guise of interpreting the writing' " *(Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16, 19; *see also, Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 157). The question of whether a contract is ambiguous is one of law to be resolved by the courts *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191). "[E]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" *(W.W.W. Assocs. v Giancontieri, supra,* at 191; *see also, Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256, 269-270).

The promissory notes executed by Romet plainly stated that Romet's interest payments on the loans were payable on the first day of each quarter. The Building Loan Agreement executed in connection with the loans which, *inter alia,* governed the conditions under which the Bank was to provide advancements on the loan for construction of the project, clearly stated that the loan was to be advanced "at such times and in such amounts as the lender shall determine" and contained no provision requiring the Bank to provide advancements on the $4,000,000 loan to cover Romet's building loan interest. Therefore, the Bank had no such obligation; and, upon Romet's failure to pay interest, the Bank's obligation to make advances on the loan ceased and it could declare the notes fully due and payable. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.