■ CARL WEINER, Appellant-Respondent, v ANESTHESIA ASSOCIATES OF WESTERN SUFFOLK, P. C., et al., Respondents-Appellants. (Matter No. 1.) In the Matter of CARL WEINER, Appellant-Respondent. ANESTHESIA ASSOCIATES OF WESTERN SUFFOLK, P. C., Respondent-Appellant. (Matter of No. 2.) [610 NYS2d 608] —In (1) an action, *inter alia,* for a judgment declaring that there was no justifiable cause for the defendants to terminate the plaintiff's employment, and (2) a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a corporation, Anesthesia Associates of Western Suffolk, P. C., appeals from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 31, 1992, as denied its motion to renew a prior motion for summary judgment in the action, Lance Turner, Elliot Rossein, and Ross Katz appeal from such much of the same order as denied their motion for summary judgment, and Anesthesia Associates of Western Suffolk, P. C., Turner, Rossein, and Katz further appeal from so much of the same order as denied their cross motion to dismiss the petition in the proceeding, and Carl Weiner cross-appeals from so much of the same order as denied his cross motion for partial summary judgment in the action, and from so much of the order as denied his application for relief pursuant to Business Corporation Law § 1104-a.

Ordered that the appeal of Anesthesia Associates of Western Suffolk, P. C. from so much of the order as denied its motion for renewal is dismissed as academic, in light of our determination on the appeal from the order dated September

18, 1991 *(see, Weiner v Anesthesia Assocs.,* 203 AD2d 454 [decided herewith]); and it is further,

Ordered that the order is reversed insofar as appealed from by Turner, Rossein, and Katz and reversed insofar as reviewed on the appeal by the defendant Anesthesia Associates of Western Suffolk, P. C.; the motion of the defendants Turner, Rossein and Katz for summary judgment is granted and the complaint in the action is dismissed insofar as asserted against them and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that there was justifiable cause for Turner, Rossein, and Katz to terminate the employment of Carl Weiner; and it is further,

Ordered that the cross motion of Anesthesia Associates of Western Suffolk, P. C., to dismiss the petition is granted and the petition is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by Carl Weiner; and it is further,

Ordered that Anesthesia Associates of Western Suffolk, P. C., Turner, Rossein, and Katz are awarded one bill of costs.

It is well settled that the interpretation of a written agreement is within the province of the court and, if the language of the agreement is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *see also, Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs.,* 174 AD2d 714, 715). However, where, as here, a court determines that the terms of the agreement are ambiguous and the intent of the parties becomes a matter of inquiry, parol evidence is permitted to determine that intent. However, even when the contractual interpretation is at issue, a party may not defeat a motion for summary judgment by merely alleging that the contract is ambiguous. The party opposing summary judgment must also set forth the extrinsic evidence, in evidentiary form, upon which it relies to support the construction it urges *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra,* at 291; *see also, Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs., supra,* at 715; *Posh Pillows v Hawes,* 138 AD2d 472). Here, the plaintiff has failed to tender any extrinsic evidence to support his argument. In the absence of such evidence, summary judgment should have been granted in the action.

The petition for judicial dissolution of the corporation pursuant to Business Corporation Law § 1104-a, which provides that a holder of 20% of the shares of a corporation may

petition for dissolution if, *inter alia,* other shareholders are guilty of improperly disbursing the assets of the corporation, must also be dismissed. The employment contract specifically stated that upon the termination of an employee, for any cause, that employee must surrender all shares in his or her possession, without consideration. Since Weiner's employment was terminated, and we previously vacated a preliminary injunction obtained by him pending this appeal, Weiner does not have standing to petition for judicial dissolution. Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.