■ GANAPATHY KAILASANATHAN, Appellant, v UMA MYSOREKAR et al., Respondents. [651 NYS2d 124] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated November 22, 1995, which, *inter alia,* granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 and denied that branch of his cross motion which was for partial summary judgment on the issue of liability for breach of contract.

Ordered that the order is affirmed, with costs.

In 1988 the plaintiff, a Hindu priest, was brought from India

to America by the defendant Hindu Temple Society of North America (hereinafter HTSONA). The plaintiff was to be one of several priests ministering to a congregation at a Temple in Queens. In 1992 the parties entered into a written agreement formalizing the terms of the plaintiff's employment. The plaintiff alleges that the 1992 agreement was, in effect, a contract for permanent employment. Thus, he asserts, although the agreement set forth an "initial" term of two years, reappointment was to be automatic provided that his services were satisfactory, that HTSONA needed his services, and there were no severe budgetary problems. Further, the plaintiff alleged that the 1992 agreement was intended to protect his intellectual freedom by providing for safeguards akin to those afforded tenured faculty in academia. Specifically, the plaintiff claims that he was to be discharged only for good cause, and only after a hearing before an impartial body and review by an independent tribunal. However, in 1994, just prior to the expiration of the initial two-year term of the 1992 agreement, he was informed by the defendant Uma Mysorekar, the president of HTSONA, that his contract would not be renewed due to "reorganization of staff." The plaintiff thereafter commenced this action, alleging, *inter alia,* that, because all of the conditions for reappointment had been met, failure to reappoint him was a breach of contract. After service of an answer, the defendants moved to dismiss the complaint. The plaintiff cross-moved for partial summary judgment on his causes of action arising from the alleged breach of the agreement.

A contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed (*see, Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16, 19; *see also, Breed v Insurance Co.,* 46 NY2d 351). A court may not, in the guise of interpreting a contract, add or excise terms or distort the meaning of those used to make a new contract for the parties (*see, Morlee Sales Corp. v Manufacturers Trust Co., supra; North Fork Bank & Trust Co. v Romet Corp.,* 192 AD2d 591). "Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *see also, North Fork Bank & Trust Co. v Romet Corp., supra; Katz v American Tech. Indus.,* 96 AD2d 932). However, a court may permit the introduction of extrinsic evidence if the contract is ambiguous (*see, Weiner v Anesthesia Assocs.,* 203 AD2d 455). Whether a contract is ambiguous is a question of law for the court (*see, Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186). Here, the terms of the agreement do not

set forth a scheme for mandatory reappointment or provide for any of the safeguards afforded tenured faculty in academia. Further, because the agreement is not ambiguous, the extrinsic evidence proffered by the plaintiff may not be admitted to vary its terms. Thus, the court properly granted that branch of the defendants' motion which was to dismiss the causes of action to recover damages for breach of contract.

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.