■ MARIE CANNISTRA et al., Respondents, v KRAMER & SHA-PIRO, P. C., et al., Appellants. [664 NYS2d 948] —In an action for the return of a down payment on a contract for the sale of stock, the defendants appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated October 31, 1996, which (1) denied their motion for summary judgment, and (2) upon searching the record, granted summary judgment to the plaintiffs and awarded the plaintiffs the sum of $9,500 plus interest from November 15, 1995, together with costs and disbursements.

Ordered that the order is modified by deleting the second

decretal paragraph thereof, which upon searching the record, granted summary judgment to the plaintiffs and awarded them the sum of $9,500 plus interest from November 15, 1995, together with costs and disbursements; as so modified, the order is affirmed, with costs to the defendants.

In interpreting the terms of a written agreement, "the proper aim of the court is to arrive at a construction which will give fair meaning to *all* of the language employed by the parties, and to reach a 'practical interpretation of the expressions of the parties to the end that there will be a realization of [their] reasonable expectations' " (*Tantleff v Truscelli,* 110 AD2d 240, 244-245, *affd* 69 NY2d 769, quoting *Brown Bros. Elec. Contrs. v Beam Constr.,* 41 NY2d 397, 400). In the instant case, contrary to the plaintiffs' contentions and the Supreme Court's interpretation, Paragraph 20 of the parties' agreement did not require the defendants to deliver certain documents to the plaintiffs prior to the scheduling of a new closing date. A fair reading of the entire paragraph indicates that it was contemplated that the documentation would be provided on the date of the originally-scheduled closing or any adjourned closing. Accordingly, the plaintiffs were not entitled to summary judgment in their favor.

However, there are triable issues of fact as to whether the defendants were ready, willing, and able to close prior to the agreed-upon deadline, and, if they were, whether the plaintiffs wrongfully refused to schedule a timely closing. Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.