■ Susan G. Reiman, Respondent, v Martin S. Goldstein, Appellant. [675 NYS2d 137] —In an action to enforce a stipulation of settlement which was incorporated but not merged in a judg-

ment of divorce, the defendant former husband appeals (1) as limited by his brief, from an order of the Supreme Court, Nassau County (Winick, J.), dated June 9, 1997, which granted that branch of the motion of the plaintiff former wife which was for partial summary judgment on the fifth cause of action, and denied that branch of his cross motion which was for summary judgment dismissing that cause of action, and (2) from a judgment of the same court, entered December 10, 1997, which is in favor of the plaintiff and against him in the principal sum of $20,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On January 18, 1989, the plaintiff and the defendant entered into a stipulation settling their matrimonial action. At that time, the defendant and members of his medical group were pursuing an action to enforce an option to purchase a cooperative apartment which they leased for their practice. The medical group's action was later dismissed, but the group had appealed. The parties' matrimonial stipulation expressly took note of the fact that the appeal was pending, and provided that "[i]n the event the husband and [the medical group] are successful in enforcing their rights to acquire the apartment at the option price * * * the husband agrees to pay the wife the sum of $100,000, tax free", in five annual installments commencing seven years from the date of the agreement. The medical group prevailed on the appeal and obtained the legal right to enforce the option to purchase the apartment, but its members subsequently agreed to settle the litigation by paying the apartment's owners a sum higher than the option price.

The Supreme Court did not err in concluding that the defendant was required to make the additional distributive payments to the plaintiff. The court determined that the condition precedent was satisfied when the defendant's medical group prevailed on the appeal and succeeded in acquiring the right to purchase the apartment at the option price. That determination is consistent with the intent of the agreement, and gives fair meaning to all of the language employed by the parties

(see, *Tantleff v Truscelli,* 110 AD2d 240, 244, *affd* 69 NY2d 769). Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.