■ In the Matter of the Estate of ARTHUR H. HUENE, Deceased. MARY L. HUENE et al., Appellants; MURIEL GRAHAM et al., Respondents. [700 NYS2d 851] —In a proceeding to settle the account of the estate of the decedent, Arthur H. Huene, Mary L. Huene, Donald R. Huene, Richard T. Arkwright, and Herbert A. Huene, appeal, as limited by their brief, from stated portions of a decree of the Surrogate's Court, Suffolk County (Prudenti, S.), dated July 13, 1998, which, *inter alia,* sustained the objections of Muriel Graham and Phyllis Huene to the accounting schedule.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the estate.

We agree with the objectants' contention that the accounting schedule submitted by the executors of the estate did not reflect the terms agreed upon in a stipulation of settlement entered into in September 1989 by the beneficiaries of a trust created under the decedent's will. The court properly resolved the ambiguity, which the appellants claim existed in the stipulation, in favor of the objectants after reviewing the language contained in the stipulation as well as parol evidence surrounding the formation of the stipulation (*see, Posh Pillows v Hawes,* 138 AD2d 472). Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.

■ In the Matter of INTERELECTRONICS CORPORATION, Appellant, v EDWARD J. MOREHOUSE, JR., et al., Respondents. [700 NYS2d 853] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Trustees of the Village of Ardsley, dated March 18, 1996, which, among other things, made findings pursuant to the State Environmental Quality Review Act (ECL art 8) and amended the Village of Ardsley Zoning Code accordingly, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered January 14, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the State Environmental Quality Review Act (ECL art 8) review conducted by the respondents was not made in violation of lawful procedure, arbitrary or capricious, or an abuse of discretion (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668).

The petitioner's remaining contentions are without merit. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.