■ EMCEE PERSONNEL, Appellant, v MORGAN LEWIS & BOCKIUS, L. L. P., Respondent. [702 NYS2d 633] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated June 15, 1999, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In *Kailasanathan v Mysorekar* (234 AD2d 425, 426), this Court noted: "A contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed (*see, Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16, 19; *see also, Breed v Insurance Co.,* 46 NY2d 351). A court may not, in the guise of interpreting a contract, add or excise terms or distort the meaning of those used to make a new contract for the parties (*see, Morlee Sales Corp. v Manufacturers Trust Co., supra; North Fork Bank & Trust Co. v Romet Corp.,* 192 AD2d 591). 'Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing' (*W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *see also, North Fork Bank & Trust Co. v Romet Corp., supra; Katz v American Tech. Indus.,* 96 AD2d 932). However, a court may permit the introduction of extrinsic evidence if the contract is ambiguous (*see, Weiner v Anesthesia Assocs.,* 203 AD2d 455). Whether a contract is ambiguous is a question of law for the court (*see, Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186)" (*see also, Kass v Kass,* 91 NY2d 554; *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162-163, *supra*).

In the instant case, the Supreme Court properly denied the plaintiff's motion for summary judgment on its complaint. The agreement between the plaintiff, an employment agency, and the defendant is ambiguous as to whether the plaintiff, by merely submitting a candidate's resume to the defendant, "introduced" that candidate to the defendant, and was therefore entitled to its fee. Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.