■ VINCENT HURLEY, Appellant, v BENJAMIN SELIG et al., Respondents. [707 NYS2d 501] —In an action, *inter alia,* to recover damages for breach of a partnership agreement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated April 5, 1999, as granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Harry A. Fox and the plaintiff Vincent Hurley were equal equity partners in a law firm until 1989, when Fox retired. The remaining members of the firm entered into a written agreement to pay Fox for his 50% interest in the firm.

In 1993, the plaintiff, the defendant Benjamin Selig, and another member of the firm, Glenn Kelleher, entered into a written agreement to pay the plaintiff, upon his retirement later that year, 50% of the partnership account receivables. The plaintiff then brought this action alleging that, since he originally had a 50% interest in the firm, and then contributed half of the firm's purchase of Fox's 50% share, he had acquired a 75% interest in the firm.

The defendants met their burden on their cross motion for summary judgment by providing documentary evidence that the plaintiff had only a 50% interest in the firm. The plaintiff provided no evidence to raise a triable issue of fact to support his claim that he is entitled to 75% of the firm's assets (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Posh Pillows v Hawkes,* 138 AD2d 472). Accordingly, the Supreme Court properly interpreted the partnership agreement and other documentary evidence to be consistent with the parties' intent (*see, Reiman v Goldstein,* 252 AD2d 486; *Cannistra v Kramer & Shapiro,* 242 AD2d 653). Joy, J. P., Florio, H. Miller and Smith, JJ., concur.