■ JJFN HOLDINGS, INC., Respondent, v MONARCH INVESTMENT PROPERTIES, INC., Formerly Known as IRON HOLDINGS CORP., et al., Appellants, et al., Defendants. [736 NYS2d 66] —In an action, *inter alia*, to recover on a promissory note, the defendants Monarch Investment Properties, Inc., f/k/a Iron Holdings Corp., Iron Eagle Contracting and Mechanical, Inc., Tahoe Realty Corp., and Anthony Gurino appeal from (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated May 11, 2000, which granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Monarch Investment Properties, Inc., f/k/a Iron Holdings Corp., and denied their cross motion for summary judgment, and (2) a judgment of the same court, entered June 5, 2000, which is in favor of the plaintiff and against the defendant Monarch Investment Properties, Inc., f/k/a Iron Holdings Corp., in the principal sum of $1,100,000, and the defendant Dennis Sommeso separately appeals from so much of the order dated May 11, 2000, as denied his cross motion for summary judgment.

Ordered that the appeal by the defendant Monarch Investment Properties, Inc., f/k/a Iron Holdings Corp., from the order is dismissed; and it further,

Ordered that the order is affirmed insofar as appealed from by the defendants Iron Eagle Contracting and Mechanical, Inc., Tahoe Realty Corp., Anthony Gurino, and Dennis Sommeso; and it is further,

Ordered that the judgment is reversed, the plaintiff's motion is denied, and the order is modified accordingly; and it is further,

Ordered that the appellant Monarch Investment Properties, Inc., f/k/a Iron Holdings Corp., is awarded one bill of costs.

The appeal by the defendant Monarch Investment Properties, Inc., f/k/a Iron Holdings Corp., from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on its appeal from the order are brought up for review and have been considered on its appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In or about January 1997, the plaintiff sold all of the issued and outstanding shares of the defendant Iron Eagle Contracting and Mechanical, Inc. (hereinafter Iron Eagle) to the defendant Monarch Investment Properties, Inc., f/k/a Iron Holdings Corp. (hereinafter Iron Holdings), for $1,312,500. The purchase price was paid at closing in the form of a promissory note for the entire amount. The parties also executed a stock pledge, assignment, and security agreement (hereinafter the pledge agreement), in which Iron Holdings, *inter alia*, pledged all of the issued and outstanding shares of Iron Eagle as collateral security for payment of the promissory note, and permitted the sale of those shares upon the default of Iron Holdings in paying the note. Insofar as is relevant to the instant appeal, the pledge agreement also provided that "the obligation of [Iron Holdings] to pay the indebtedness evidenced and secured hereby shall not be enforced by any action or proceeding wherein or whereby damages or any money judgment (including any deficiency judgment) shall be sought against [Iron Holdings] * * * It being expressly understood and agreed by [the plaintiff] that its sole and exclusive remedy for the default of [Iron Holdings] in the payment of the amounts due hereunder or otherwise shall be to effect the remedies provided under this Pledge Agreement." Simultaneously, the defendants Anthony Gurino and Dennis Sommeso executed a limited guaranty, in which each pledged at his option either 75,000

shares of JJFN Holdings, Inc., or 75,000 shares of Iron Holdings as collateral security for payment of the promissory note. This limited guaranty provided that the liability of Gurino and Sommeso was "strictly limited to the pledged Collateral and [the plaintiff] shall have no recourse against any other assets of [Gurino and Sommeso] nor shall [the plaintiff] seek to recover any [additional] sums of money from [Gurino and Sommeso]."

In September 1997, after the plaintiff informed Iron Holdings that it had defaulted on repayment of the promissory note, Gurino and Sommeso executed an Amended Guaranty in order to cure the default. In relevant part, Gurino and Sommeso each agreed to pledge 150,000 shares of Iron Holdings stock as collateral for his limited guaranty. It also provided that: "As of the date hereof the remaining principal balance of the Promissory Note has been reduced to $1,100,000, and the pledged collateral has a 'current value' of $1,293,000; in the event of a default under any of the Agreements, Gurino's and Sommeso's liability under the Limited Guaranty shall be the lower of (a) the remaining amount of the principal balance and unpaid interest, if any, under the Promissory Note, or (b) the current value of the pledged shares."

In May 1999 the plaintiff commenced the instant action against, among others, Iron Holdings, Iron Eagle, Tahoe Realty Corp., Gurino, and Sommeso to recover damages, *inter alia*, for breach of contract based, among other things, on the default of Iron Holdings in repaying the promissory note. After issue was joined, the plaintiff moved for summary judgment based on the default of Iron Holdings under the promissory note. It also requested summary judgment against Gurino and Sommeso based on the limited guaranty which they had executed.

In response, Iron Holdings, Iron Eagle, Tahoe Realty Corp., and Gurino cross-moved, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against them, asserting that their liability was limited to the collateral pledged under the pledge agreement and the limited guaranty. Sommeso separately cross-moved for the same relief.

By order dated May 11, 2000, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment against Iron Holdings in the principal sum of $1,100,000, but denied that branch of its motion which was for summary judgment against Gurino and Sommeso. The Supreme Court also denied the defendants' respective cross motions for summary judgment. On June 5, 2000, a judgment was entered in favor of the plaintiff and against Iron Holdings.

It is well settled that "[a] contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed * * * A court may not, in the guise of interpreting a contract, add or excise terms or distort the meaning of those used to make a new contract for the parties * * * 'Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing' * * * However, a court may permit the introduction of extrinsic evidence if the contract is ambiguous * * * Whether a contract is ambiguous is a question of law for the court" (*Kailasanathan v Mysorekar*, 234 AD2d 425, 426, quoting *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157; *see, Emcee Personnel v Morgan Lewis & Bockius*, 269 AD2d 353; *Kass v Kass*, 91 NY2d 554).

The Supreme Court improperly granted that branch of the plaintiff's motion which was for summary judgment against Iron Holdings. As noted above, under the pledge agreement, the plaintiff is limited to the remedies contained therein. The pledge agreement does not permit the plaintiff to obtain a judgment against Iron Holdings other than the cash proceeds received from the sale or other disposition of the pledged shares of Iron Holdings stock. Therefore, the judgment entered against Iron Holdings must be reversed. We note, however, that the pledge agreement provides that Iron Holdings may be made a defendant in an action to enforce the remedies available against the pledged shares of Iron Eagle stock. Since the plaintiff asserted a cause of action for the sale of Iron Eagle shares pledged by Iron Holdings, and it is unclear what has happened to that stock, Iron Holdings must remain a defendant in this action.

The Supreme Court properly denied those branches of the respective cross motions of Gurino and Sommeso which were for summary judgment. We agree with the Supreme Court that the amended limited guaranty executed by these defendants is ambiguous as to the extent of their respective individual liability (*see, Emcee Personnel v Morgan Lewis & Bockius, supra*).

The appellants' remaining contentions are without merit. O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.