■ MAURO A. MARATEA, Appellant, v GREATER METROPOLITAN ABSTRACT CORPORATION et al., Respondents. [759 NYS2d 162] —In an action to recover damages for breach of an agreement, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated May 17, 2002, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action to recover for the alleged breach of an agreement to hold in escrow monies to pay certain enumerated charges against properties being sold by the plaintiff. The Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. We reverse.

The agreement at issue, which, in the main, is a preprinted form, provides for a choice between two distinct courses of action: either using the escrowed monies to pay certain enumerated charges without limitation, or holding the escrowed monies as security pending the production of certain enumerated items. Here, the manner in which the agreement was filled in by hand rendered it ambiguous, as it appears to provide both that the escrowed monies be paid out for the enumerated charges without limitation, and that such monies be held for 90 days (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157 [1990]; JJFN Holdings v Monarch Inv. Props., 289 AD2d 528 [2001]; Emcee Personnel v Morgan Lewis & Bockius, 269 AD2d 353 [2000]; Kailasanathan v Mysorekar, 234 AD2d 425 [1996]). Thus, the admission of extrinsic evidence to resolve this ambiguity is warranted (see Emcee Personnel v Morgan Lewis & Bockius, supra). The plaintiff alleged that the intent in providing for the 90-day period was to afford him time to settle or pay the enumerated charges, and that, although he in fact did settle and/or pay the enumerated charges within the 90-day period, the defendants paid out escrowed monies on the same claims prior to the expiration of the 90-day period in violation of the agreement. By contrast, the defendants proffered no explanation for the 90-day period set forth in the agreement. Taking the plaintiff's allegations as true, and resolving all inferences which reasonably flow therefrom in his favor, he has stated a cause of action alleging breach of the agreement (see Cron v Hargro Fabrics, 91 NY2d 362 [1998]; Leon v Martinez, 84 NY2d 83 [1994]; Miller v J.A. Keeffe, P.C., 276 AD2d 757 [2000]; Grinblat v Taubenblat, 107 AD2d 735 [1985]). Altman, J.P., Luciano, H. Miller and Rivera, JJ., concur.