(April 19, 2004)

■ ALL STATE ENERGY, INC., Appellant, v INTERSTATE ENERGY RESOURCES, INC., et al., Respondents. [774 NYS2d 813]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Westchester County (Rudolph, J.), entered July 10, 2002, as, after a nonjury trial, determined that independent sales representatives hired before August 12, 1999, and the salaried employees of the defendant Interstate Energy Resources, Inc., were not its salespersons, and awarded it an accounting only of sales generated by its salespersons from August 12, 1999, through September 30, 2000.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the contract between the parties was ambiguous, and considered testimony presented by the parties at trial to interpret the terms of their agreement (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 160 [1990]; Weiner v Anesthesia Assoc. of W. Suffolk, 203 AD2d 455 [1994]). Considering the general purpose of the contract, the court interpreted it with reference to the whole, and properly limited the accounting awarded (see Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358 [2003]; State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]). Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.