■ IRENE WEINTRAUB et al., Appellants, v MICHAEL LEVINE, Respondent. [803 NYS2d 99]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered September 27, 2004, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs argue only that the court should have either denied the defendant's motion for summary judgment, or postponed a decision thereon pursuant to CPLR 3212 (f). This section, which is entitled "Facts unavailable to opposing party," states as follows: "Should it appear from affidavits submitted in opposition to the motion [for summary judgment] that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just."

Here, the plaintiffs neither submitted any affidavits nor otherwise demonstrated that "facts essential to justify opposition may exist but [could not] then be stated." In view of the clear documentary evidence negating the allegations made in the complaint, the plaintiffs' claim that further discovery will reveal facts which will allow them to effectively oppose the defendant's motion is little more than speculation. Mere hope that somehow the opposing party will uncover evidence that will prove its case provides no basis pursuant to CPLR 3212 (f) for postponing a decision on a motion for summary judgment (see Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026 [1983]; Town of Hempstead v Incorporated Vil. of Atl. Beach, 278 AD2d 308 [2000]; Sellars v Redondo, 270 AD2d 407 [2000]; Carrington v City of New York, 201 AD2d 525 [1994]; American Prescription Plan v American Postal Workers Union AFL-CIO Health Plan, 170 AD2d 471 [1991]). Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.