OPINION OF THE COURT
Anthony A. Scarpino, Jr., S.
*769 Incident to this contested accounting proceeding of Salem Tamer and Winston Conway Link, as cotrustees (the trustees) of the O. Winston Link Revocable Trust Dated January 18, 2001 (the trust), objectant, Leroy Zider (Leroy), moves for an order authorizing him to produce documents electronically on CD-ROM and DVD. Objections have also been filed by Robert Zider (Robert). The trustees cross-move for an order directing Robert and Leroy to produce documents in paper form, and if they fail to do so, precluding them from offering such documents at trial (CPLR 3126). Each objectant is self represented.
O. Winston Link (the grantor) died on January 30, 2001. He was a noted photographer and chronicler of steam railroads whose prints form a significant part of the trust. The trust provides that upon the grantor’s death the residuary was to be distributed in seven unequal shares to the grantor’s son, Winston Conway Link (20%), his nephews Robert (10%) and Leroy (10%), and his friends Joan Thomas (25%), Mary Bachmann (10%), Thomas Garver (10%) and Salem Tamer (15%).
On July 18, 2005, the parties appeared before the court and entered into a settlement (the agreement) which resolved certain objections related to: recovery of real property located in South Salem, New York from Winston Conway Link which was subject to a limited life estate and conditional devise under the trust; the trustees’ treatment of income; and the disposition of decedent’s prints. The agreement was “so ordered” by the court on August 9, 2005.
Remaining are 23 objections to the account asserted by each objectant. It appears that the primary issues relate to the value of the grantor’s photographs, shown on schedule A as $789,267, and professional fees. Following conferences with the court, discovery orders dated December 1, 2008 and March 3, 2009 issued which provide, among other things, for the service upon objectants of a document demand or bill of particulars within 30 days. Leroy was granted time to serve and file a motion for the production of documents by electronic files.
By a demand for a bill of particulars, the trustees seek the production of those documents objectants intend to rely upon for trial, including the objections that decedent’s photographs are undervalued and that the trustees omitted assets. In addition, the trustees demand that objectants produce all letters, correspondence and memoranda from each objectant to any other party and demand that objectants identify any person they intend to call as an expert witness at trial. The demand is *770 in effect an omnibus request for discovery which does not comply with the disclosure provisions under article 31 of the CPLR.
A bill of particulars is not a discovery device, it is a demand for an amplification of a pleading on those matters upon which a party has the burden of proof (CPLR 3041). It should seek factual information to clarify an opposing party’s claim, limit the proof at trial and prevent surprise (State of New York v Horsemen’s Benevolent & Protective Assn. [N.Y. Div.], 34 AD2d 769 [1970]; Estate of Winston, NYLJ, July 9, 2003, at 27, col 3). Moreover, a bill of particulars is not an appropriate device to seek the production of evidentiary material (Estate of Winston-, Jericho Water Dist. v Zara & Sons Contr. Co., 116 AD2d 622 [1986]). Accordingly, the trustees’ motion to compel production of paper documents in response to their demand for a bill of particulars is denied.
Notwithstanding the incorrect form of the trustees’ demand, Robert and Leroy produced some 6,000 documents compiled by Leroy on a CD-ROM and a DVD. The production of documents was accompanied by a “bill of particulars” wherein objectants cross-reference the CD-ROM or DVD which contains the responsive documents. For example, in response to the trustees’ demand for correspondence by an objectant with any attorney or other person interested in the trust, each objectant refers to a particular CD-ROM which contains “email traffic between the two of us, comprising 644 emails messages embedded in 362 .eml email files.”
Leroy seeks to compel the trustees to accept the production of documents in electronic form. The trustees oppose the relief and ask the court to direct objectants to produce paper copies of all documents.
To date, the law with regard to electronic discovery has focused on the production of electronic evidence, as opposed to the manner by which documents are turned over. Our courts have authorized the discovery of computer data, electronic documents and computer memory (see Matter of Maura, 17 Misc 3d 237 [2007] [and citations therein]; Lipco Elec. Corp. v ASG Consulting Corp., 4 Misc 3d 1019[A], 2004 NY Slip Op 50967[U] [2004]). Since the 2006 enactment of amendments to the Federal Rules of Civil Procedure, electronic discovery has become common practice in the federal courts (see Rahman v Smith & Wollensky Rest. Group, Inc., 2009 WL 773344, 2009 US Dist LEXIS 30275 [SD NY 2009]; United States v Soliman, 2008 WL 4490623, 2008 US Dist LEXIS 76358 [WD NY 2008]).
*771 It is implicit that where a party seeks electronic discovery, the responding party will produce the information sought by some form of electronic means (Waltzer v Tradescape & Co., L.L.C., 31 AD3d 302 [2006]). For example, in Maura, the issue concerned the authenticity of a prenuptial agreement. Surrogate Riordan directed the drafter of the agreement to turn over a clone of the law firm’s hard drive. In federal practice, the courts have held that the production of documents by electronic files must be made in a reasonably usable form, such as “pdf format — a familiar format for electronic files that is easily accessible on most computers” which has been held to be presumptively a “reasonably useable form” (see Rahman v Smith & Wollensky Rest. Group, Inc., 2009 WL 773344, *4, 2009 US Dist LEXIS 30275, *13, citing Autotech Tech. Ltd. Partnership v Automationdirect.com, Inc., 248 FRD 556, 559-560 [2008]).
While the relevant statute, CPLR 3122, does not explicitly authorize the production of documents by electronic files, such production is not prohibited. Under subdivision (c) of section 3122, a person is required to produce documents for inspection “as they are kept in the regular course of business or shall organize and label them to correspond to the categories in the request.” Subdivision (d) of section 3122 states that unless required by a subpoena, “it shall be sufficient for the custodian or other qualified person to deliver complete and accurate copies of the items to be produced.” Such language does not limit the delivery of a “complete and accurate cop[y]” to a paper copy.
Based upon the foregoing, and applying the court’s broad discretion to regulate the use of any disclosure device (CPLR 3103), the trustees’ cross motion is denied. Objectants may produce documents by electronic files. Such production shall be accompanied by an index wherein each objectant identifies the document(s) produced in response to each demand and the electronic file where the document has been stored. Without an index, it would be unduly burdensome to require the trustees to read 6,000 documents, some of which may not bear upon the objections.
Accordingly, the March 3, 2009 discovery order is amended.