■ 1375 EQUITIES CORP., Appellant, v BUILDGREEN SOLUTIONS, LLC, Doing Business as BGS, Respondent. [992 NYS2d 288]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 15, 2013, which denied its motion for summary judgment on the issue of liability on the first cause of action and dismissing the counterclaims.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the first cause of action and dismissing the counterclaims is granted.

The plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of liability on its breach of contract cause of action by submitting the contract and evidence of breach (*see Maser Consulting, P.A. v Viola Park Realty, LLC*, 91 AD3d 836 [2012]). The contract set forth a money-back guarantee in the event that a minimum of 15% in fuel consumption was not saved by installing the temperature control system provided by the defendant. The contract further provided that the savings were to be calculated by reference to the "Heat Degree Days" formula, with calculations "certified by a CPA."

Whether or not a contract is ambiguous is a question of law to be resolved by the court (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *JP Morgan Chase Bank, N.A. v Cellpoint Inc.*, 54 AD3d 366 [2008]). Where a court determines that the terms of the agreement are ambiguous and the intent of the parties becomes a matter of inquiry, parol evidence is permitted to determine that intent (*see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290 [1973]; *Weiner v Anesthesia Assoc. of W. Suffolk*, 203 AD2d 455 [1994]). Where the movant submits evidence to support its construction, the opposing party may not defeat the motion merely by alleging that the term is ambiguous; it "must also set forth the extrinsic evidence, in evidentiary form, upon which it relies to support the construction it urges" (*Weiner v Anesthesia Assoc. of W. Suffolk*, 203 AD2d at 456; *see Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d at 291; *Posh Pillows v Hawes*, 138 AD2d 472 [1988]).

On its motion, the plaintiff submitted its fuel delivery invoices

for two comparative periods before and after installation of the temperature control system, and the affidavit of its certified public accountant, explaining that "Heat Degree Days" is a governmental and industry standard and providing his calculations based upon the invoices. The calculations showed less than a 15% savings in fuel consumption. The plaintiff further submitted an affidavit by its vice president, averring that the defendant refused his demands that it honor the money-back guarantee. These submissions established, prima facie, the proper construction of the term "Heat Degree Days" in the contract, and that the defendant breached the contract by failing to honor the money-back guarantee. In opposition, the defendant submitted an attorney's affirmation, which lacked probative value and was insufficient to raise a triable issue of fact (*see Shickler v Cary*, 59 AD3d 700 [2009]; *Blumenfeld v DeLuca*, 24 AD3d 405 [2005]; *Sirico v Beukelaer*, 14 AD3d 549 [2005]).

Moreover, contrary to the defendant's contention, it failed to show that the motion should have been denied as premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *see* CPLR 3212 [f]; *Suero-Sosa v Cardona*, 112 AD3d 706, 708 [2013]; *Anzel v Pistorino*, 105 AD3d 784 [2013]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]). Hope and speculation that evidence sufficient to defeat the motion might be uncovered during discovery is insufficient to defeat the motion (*see Buchinger v Jazz Leasing Corp.*, 95 AD3d at 1054; *Lauriello v Gallotta*, 59 AD3d 497, 499 [2009]; *Brewster v Five Towns Health Care Realty Corp.*, 59 AD3d 483, 484 [2009]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]). In opposition to the motion, the defendant failed to articulate how discovery might lead to evidence relevant to the discrete ground upon which the plaintiff moved for summary judgment or, given the plaintiff's submissions on the motion, that the facts essential to oppose the motion were in the exclusive knowledge and control of the plaintiff (*see Suero-Sosa v Cardona*, 112 AD3d at 708; *Cajas-Romero v Ward*, 106 AD3d at 852; *Weintraub v Levine*, 22 AD3d 664 [2005]).

Finally, by establishing the defendant's breach of the contract, the plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the counterclaims. In opposition, the defendant failed to raise a triable issue of fact (*see Zucker-*

*man v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted the plaintiff's motion in its entirety. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.