■ In the Matter of HAROLD SCHWARTZ, Appellant, v MARIO CUOMO, as Governor of the State of New York, et al., Respondents. — In a CPLR article 78 proceeding to compel the reinstatement of the petitioner to his position of Senior Mechanical Construction Engineer with the New York State Office of Parks and Recreation, and for related relief, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered January 25, 1984, which dismissed the petition.

Judgment affirmed, with costs.

Petitioner began his employment with the New York State Office of Parks and Recreation on March 25, 1982. His position was subject to a probationary term of 26 to 52 weeks, with the longer period applying absent contrary written notice (4 NYCRR 4.5 [a] [1], [5] [i]). On December 30, 1982, petitioner was informed by his supervisor that his employment would be terminated when his probationary term ended on March 23, 1983. The record contains many indications that petitioner's supervisor found petitioner's work unsatisfactory. Near the end of his probationary term, petitioner's employment was twice extended to reflect absences. The second extension, from April 13, 1983 to May 2, 1983, comprised 13 workdays, reflecting that petitioner was absent while on authorized jury duty leave. On April 1, 1983, petitioner was notified that his employment would terminate on April 15, 1983, and at the close of business on that date his employment ended.

Petitioner argues that the extension of his probationary term, to reflect absences while on jury duty, was a "penalty" within the intendment of Judiciary Law § 519. We disagree. Respondents have explicit authority to extend a probationary term to reflect absences (4 NYCRR 4.5 [f]). The rationale of that regulation is to afford respondents the opportunity to observe and evaluate probationer's performance for an entire 52-week period

(*Matter of Fischer v Honisto*, 75 AD2d 973). Extension of a probationary term for this legitimate purpose is not a penalty when based upon absence due to sick leave or vacation, and we see no reason to consider it a penalty merely because a given absence was caused by jury service. Respondents were obligated to excuse petitioner from his duties during jury service, but not to credit that time toward petitioner's probationary term.

Petitioner's argument that termination of his employment was arbitrary and capricious is likewise without merit. The record contains sufficient evidence that petitioner's supervisor found his work performance unsatisfactory.

Petitioner's argument that the termination of his employment was ineffective because the letter informing him thereof was only signed by his supervisor and not by the appointing authority, was never raised at Special Term. "[A]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented at the trial" (*Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 349). This rule applies at bar, where petitioner raised the argument in question for the first time in his reply brief. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.