■ GENEVIEVE GERVASIO, Respondent, v JOSEPH DI NAPOLI, Defendant, and FRANK T. PORCO, Appellant.—In an action, *inter alia,* to recover damages for fraud, the defendant Frank Porco appeals from an order of the Supreme Court, Westchester County (Benson, J.), dated September 30, 1985, which denied his motion to dismiss the plaintiff's amended complaint as against him for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the amended complaint is dismissed as against the defendant Frank Porco.

The plaintiff's cause of action alleging fraud does not sufficiently comply with the requirements of particularity set forth in CPLR 3016 (b). Bare allegations of fraud without any allegation of the details constituting the wrong are clearly insufficient to sustain such a cause of action *(see, Lapis Enters. v International Blimpie Corp.,* 84 AD2d 286; *Gill v Caribbean Home Remodeling Co.,* 73 AD2d 609). Therefore, the amended complaint must be dismissed as against the defendant Frank Porco. Mollen, P. J., Bracken, Lawrence, Kooper and Sullivan, JJ., concur.

■ GEORGE E. GORDON, Appellant, v INKIE HONG, Respondent.—In an action to recover a business broker's commission, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated August 1, 1985, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The plaintiff's attempt to rely upon a theory of recovery not previously raised is improper *(see, American Indus. Contr. Co. v Travelers Indem. Co.,* 54 AD2d 679, *affd* 42 NY2d 1041; *Brown v Kimmel,* 68 AD2d 896). In any event, the record clearly supports the conclusion that the plaintiff was not the procuring cause of the sale *(Greene v Hellman,* 51 NY2d 197). Nor was he deprived of the opportunity to earn a commission by the defendant's conduct *(see, Provost v St. Francis Commandery Hall Assn.,* 118 AD2d 922; *cf. Pilger v Ramati,* 37 AD2d 581). Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.