■ ALAN STERN et al., Respondents, v 522 SHORE ROAD OWNERS, INC., Respondent, et al., Defendants, and 522 SHORE ROAD CORP. et al., Appellants. (Action No. 1.) ALLSTATE INSURANCE COMPANY, as Subrogee of CHARLES FULLER, et al., Respondents, v 522 SHORE ROAD OWNERS, INC., et al., Respondents, et al., Defendants, 522 SHORE ROAD CORP. et al., Respondents-Appellants, and PAPPO ELECTRICIANS et al., Appellants-Respondents. (Action No. 2.) 522 SHORE ROAD VENTURE CORP. et al., Plaintiffs, v CONTINENTAL CASUALTY Co., Defendant and Third-Party Plaintiff-Respondent. PAPPO ELECTRICIANS et al., Third-Party Defendants-Appellants. (Action Nos. 5 and 6.) [655 NYS2d 51] —In six related subrogation actions to recover damages for injury to property based on negligence and breach of

contract or warranty which were joined for trial, (1) 522 Shore Road Corp. and 522 Shore Road Associates, defendants in Action No. 1 and Action No. 2, appeal, as limited by their brief, (a) from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 29, 1995, as denied their motion for summary judgment dismissing the complaints and all cross claims in Action No. 1 and No. 2 insofar as asserted against them, and (b) as limited by their brief, from so much of an order of the same court, dated November 13, 1995, as, upon renewal and reargument, adhered to so much of the original determination as denied their motion for summary judgment, and (2) Pappo Electricians, Pappo Brothers, Pappo Brothers Electricians, and Joseph Hoolan, defendants in Action No. 2 and the third-party defendants in Action No. 6, appeal, as limited by their brief, from so much of the order dated November 13, 1995, as denied their motion for summary judgment dismissing the complaint and all cross claims in Action No. 2, and the third-party complaint and all cross claims in Action No. 6, insofar as asserted against them.

Ordered that the appeal by 522 Shore Road Corp. and 522 Shore Road Associates from the order dated June 29, 1995, is dismissed, without costs and disbursements, as that order was superseded by the order dated November 13, 1995, made upon renewal and reargument; and it is further

Ordered that the order dated November 13, 1995, is reversed insofar as appealed from, on the law, and the respective motions by 522 Shore Road Associates and 522 Shore Road Corp., defendants in Action Nos. 1 and 2, and Pappo Electricians, Pappo Brothers, Pappo Brothers Electricians, and Joseph Hoolan, defendants in Action No. 2 and third-party defendants in Action No. 6 are granted, and the complaints and all cross claims in Action Nos. 1 and 2 and the third-party complaint in Action No. 6 are dismissed insofar as asserted against them; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The appeals involve subrogation actions brought to recover damages for injury to property from a fire at premises located at 522 Shore Road in Long Beach, New York. The fire occurred on April 4, 1989, in the plenum or "cockloft" area of the building, which is an area located above the ceiling of the highest floor, but below the roof.

The sponsors of the property were 522 Shore Road Corp. and 522 Shore Road Associates (hereinafter the Shore Road appellants) when, on February 28, 1985, almost four years before

the fire, it was converted to cooperative ownership. 522 Shore Road Owners, Inc. (hereinafter the cooperative corporation) became the owner of the premises upon the 1985 conversion. NJI Management (hereinafter NJI) was hired by the cooperative corporation to maintain and manage the common areas of the building. The Shore Road appellants hired NJI to collect rents and to hire contractors when repairs were needed in the apartments represented by unsold shares held by them as the sponsoring entities. On an as-needed basis, the superintendent or NJI would summon Pappo Electricians, Pappo Brothers, Pappo Brothers Electricians, and Joseph Hoolan (hereinafter the Pappo appellants) to perform electrical repairs in any of the apartments or for the common areas of the building. The Pappo appellants had no written contract with either NJI or the cooperative corporation, nor were they ever hired to inspect the electrical wiring or circuit breakers of the building. They never inspected, or did they ever have access to the cockloft or plenum area of the building where the fire started. The Pappo appellants performed no work in the building between September 27, 1988, and April 4, 1989, the date of the fire.

Examinations before trial and various discovery documents reveal that no one had access to the plenum area of the building. The fire marshall could only indicate that the fire was electrical in origin. An expert for Allstate Insurance Company opined that the fire was caused when insulation around the electrical wiring broke down because of salt water corrosion and water leakage from the roof. Various building inspection documents indicate that there were roof leaks prior to and after the 1985 cooperative conversion.

In light of these facts the court erred in failing to grant summary judgment to the Pappo appellants. The Pappo appellants were independent contractors with no ongoing service agreement and no duty to warn of any defective condition unrelated to any problem which they were engaged to correct (*see, McMurray v P.S. El.*, 224 AD2d 668; *Ayala v V & O Press Co.*, 126 AD2d 229). Moreover, the evidence failed to demonstrate any causal connection between the fire and any repair work performed by them.

Summary judgment should also have been granted to the Shore Road appellants. While these entities owned shares in the cooperative corporation, and while they hired NJI to collect rents and hire contractors to make repairs in those apartments, the fire did not begin in any of those apartments. Moreover, the Shore Road appellants paid maintenance to the cooperative corporation to maintain the common areas, such

as the plenum area where the fire occurred (*see, e.g., Frisch v Bellmarc Mgt.*, 190 AD2d 383, 387). There were no issues of fact concerning the liability of the appellants for the fire.

New theories of liability which were not raised by the parties before the Supreme Court are improperly raised for the first time on appeal and will not be addressed (*see, Gordon v Hong*, 126 AD2d 514; *Matter of Schwartz v Cuomo*, 111 AD2d 759). Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.