■ NOREEN M. WHEELER, Respondent, v TOWN OF HEMPSTEAD et al., Defendants, and METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant. [656 NYS2d 375] —In an action to recover damages for personal injuries, the defendant Metropolitan Suburban Bus Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated March 29, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint and all cross claims are dismissed insofar as asserted against it, and the action against the remaining defendants is severed.

The plaintiff allegedly was injured when she tripped and fell on a public sidewalk at a bus stop on Route 24 in Levittown. The plaintiff seeks to recover damages from the defendants Town of Hempstead, Metropolitan Suburban Bus Authority, C.W. Company Inc., and Tri-County Shows, Inc., d/b/a Tri-County Flea Market, on the ground of negligent maintenance of the sidewalk.

The appellant has demonstrated its entitlement to judgment

in its favor as a matter of law (*see*, CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562). The responsibility for the maintenance of the public sidewalk within the bus stop area rests with the Town of Hempstead and/or the owner or lessee of the abutting property (*cf., Coppersmith v City of New York*, 194 AD2d 586; *Panso v Triboro Coach Corp.*, 172 AD2d 813) and the appellant has no responsibility therefor. Under the circumstances, summary judgment should have been granted to the appellant.

Further, new theories of liability which were not raised by the parties before the Supreme Court are improperly raised for the first time on appeal and will not be addressed (*see, Gordon v Hong*, 126 AD2d 514; *Matter of Schwartz v Cuomo*, 111 AD2d 759). Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.