TURK OZELKAN, Appellant, v TYREE BROTHERS ENVIRON-MENTAL SERVICES, INC., et al., Respondents. [815 NYS2d 265]—

In an action, inter alia, to recover damages for fraud and professional malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered December 23, 2004, which granted the motion of the defendants Tyree Brothers Environmental Services, Inc., William Tyree, and Steven Tyree pursuant to CPLR 3211 (a) (1), (5), and (7), and 3016 (b) to dismiss the complaint insofar as asserted against them and the separate motion of the defendant Northville Industries, Inc., pursuant to CPLR 3211 (a) (1), (5), and (7), and 3016 (b) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

" 'An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance' " (*Weber v Jacobs,* 289 AD2d 226, 227 [2001], quoting *Fresh Pond Rd. Assoc. v Estate of Schacht,* 120 AD2d 561, 561 [1986]). The plaintiff's attempt, for the first time on appeal, to characterize the complaint as stating a cause of action pursuant to Navigation Law § 181 (5) against the defendant Northville Industries, Inc. (hereinafter Northville), is without merit, as the allegations in the complaint cannot be read as supporting that theory of liability (*see Stoetzel v Wappingers Cent. School Dist.,* 166 AD2d 643, 644 [1990]; *see also Wheeler v Town of Hempstead,* 238 AD2d 580, 581 [1997]; *Stern v 522 Shore Rd. Owners,* 237 AD2d 277, 280 [1997]).

The Supreme Court properly concluded that the plaintiff's

claims sounding in negligence, professional malpractice, and breach of contract, which accrued no later than March 1995, were time-barred (*see* CPLR 203 [a]; 213 [2]; 214 [4], [6]). Thus, the court properly granted that branch of the motion of the defendants Tyree Brothers Environmental Services, Inc., William Tyree, and Steven Tyree (hereinafter the Tyree defendants) which was to dismiss those claims pursuant to CPLR 3211 (a) (5), as the plaintiff commenced this action on or about May 10, 2004.

The court also properly determined that the claims based on fraud asserted against the Tyree defendants and Northville, and the claim based on breach of fiduciary duty asserted against the Tyree defendants were timely. A claim based on fraud must be commenced within six years from the date that the alleged fraud was committed, or within two years from the date the fraud was discovered or, with the exercise of reasonable diligence, should have been discovered, whichever is longer (*see* CPLR 203 [g]; 213 [8]; *Island Holding v O'Brien,* 6 AD3d 498, 500 [2004]; *Cappelli v Berkshire Life Ins. Co.,* 276 AD2d 458, 458-459 [2000]). The two-year "discovery accrual rule also applies to fraud-based breach of fiduciary duty claims" (*Kaufman v Cohen,* 307 AD2d 113, 122 [2003]). The plaintiff commenced this action within two years of discovering that the subject site was contaminated and that there had been spills on the property prior to the time he purchased it. Contrary to the defendants' contentions, the plaintiff exercised reasonable diligence prior to the discovery of his alleged claim, by commissioning a report from the Tyree defendants in 1994 in anticipation of purchasing the property and by commissioning a second report from them in 2002 when he learned from the New York State Department of Environmental Conservation that it was possible the site was contaminated.

"To recover damages for fraud, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (*Jablonski v Rapalje,* 14 AD3d 484, 487 [2005]). In addition, a "cause of action to recover damages for fraudulent concealment requires . . . an allegation that the defendant had a duty to disclose material information" (*E.B. v Liberation Publs.,* 7 AD3d 566, 567 [2004]). The plaintiff failed to allege that the Tyree defendants intentionally misrepresented a material fact "for the purpose of inducing the plaintiff to rely upon" that misrepresentation

(*Jablonski v Rapalje, supra* at 487). Liberally construing the allegations in the complaint in the light most favorable to the plaintiff (*see Andre Strishak & Assoc. v Hewlett Packard Co.,* 300 AD2d 608, 609 [2002]), although it alleged that the Tyree defendants misrepresented and concealed a material fact, presumably intentionally, the complaint failed to allege that "the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it" (*Jablonski v Rapalje, supra* at 487). In light of the particularity required in pleading such causes of action (*see* CPLR 3016 [b]), the Supreme Court properly dismissed the claims based upon fraud, misrepresentation, concealment, and breach of fiduciary duty (*see* CPLR 3211 [a] [7]; *Colello v Colello,* 9 AD3d 855, 859 [2004] [to establish a claim for breach of a fiduciary duty with respect to execution of agreement, plaintiff must establish existence of fiduciary relationship, misconduct by defendant, and that misconduct induced plaintiff to engage in the transaction in question, directly causing the loss about which plaintiff complains]).

In the second cause of action, asserted against Northville sounding in fraud, the sole cause of action asserted against Northville, the plaintiff failed to allege that he relied, justifiably or otherwise, on an alleged misrepresentation by Northville (*see generally Jablonski v Rapalje, supra* at 487). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Northville (*see* CPLR 3211 [a] [7]; 3016 [b]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.