■ OLIVER PIERRE, Respondent, v HERBERT LIEBER, Appellant, et al., Defendants. [829 NYS2d 665]—

In an action to recover damages for medical malpractice, the defendant Herbert Lieber appeals from a judgment of the Supreme Court, Kings County (Levine, J.), entered August 11, 2005, which, upon, inter alia, a jury verdict, and the denial of that branch of his motion pursuant to CPLR 4404 which was to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiff and against him in the principal sum of $675,650.

Ordered that the judgment is reversed, on the law, with costs, that branch of the motion of the defendant Herbert Lieber pursuant to CPLR 4404 which was to set aside the jury verdict and for judgment as a matter of law is granted, and the complaint is dismissed insofar as asserted against the defendant Herbert Lieber.

The plaintiff failed to prove, as a matter of law, that the appellant's failure to diagnose the infant plaintiff's mother with gestational diabetes was a proximate cause of the plaintiff's injuries. Neither party's expert witness in obstetrics testified that the appellant's failure to diagnose gestational diabetes led to fetal distress in this case. The plaintiff failed to prove that his injuries were proximately caused, in whole or in part, by reason of the appellant's failure to diagnose gestational diabetes (*see Gonzalez v Delta Intl. Mach. Corp.,* 307 AD2d 1020 [2003]).

Because there is no proof that the appellant's failure to diagnose gestational diabetes caused fetal distress, the actions taken by the other defendants in an attempt to alleviate that distress were independent and far removed from the appellant's conduct, and were thus superseding acts which broke the causal nexus (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315-316 [1980]; *cf. Vetrone v Ha Di Corp.,* 22 AD3d 835 [2005]).

In light of the foregoing, we need not reach the appellant's remaining contention.

The plaintiff's new theories of liability, which were not raised by him before the Supreme Court, are improperly raised for the first time on appeal and will not be addressed (*see Wheeler v Town of Hempstead,* 238 AD2d 580, 581 [1997]; *Gordon v Hong,* 126 AD2d 514 [1987]). Rivera, J.P., Florio, Skelos and McCarthy, JJ., concur.