■ LESTER HENRY, Appellant, v DEVONSHIRE TIRE Co., Doing Business as 390 RIVERDALE AVENUE CORP., Respondent. [854 NYS2d 546]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered February 14, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action seeking damages for injuries sustained when he fell from a ladder, based upon common-law negligence and alleged violations of the Labor Law. However, the plaintiff subsequently withdrew all Labor Law claims and proceeded solely upon the cause of action alleging common-law negligence.

In support of its motion for summary judgment the defendant demonstrated its entitlement to judgment as a matter of law and, in opposition thereto, the plaintiff failed to raise a triable issue of fact (*see Lundquist v Ditmas Realty Co.*, 230 AD2d 830

[1996]). Indeed, on appeal, the plaintiff, in effect, concedes that the Supreme Court properly dismissed the common-law negligence claim. Instead, the plaintiff seeks to raise a new, unpleaded theory of liability. However, inasmuch as the plaintiff failed to raise said theory before the Supreme Court, it is improperly raised for the first time on appeal and thus will not be addressed (*see Stern v 522 Shore Rd. Owners,* 237 AD2d 277 [1997]; *Gordon v Hong,* 126 AD2d 514 [1987]).

Accordingly, the defendant was entitled to summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.