■ MARIA SHICKLER, Appellant, v JOELAINE CARY, Respondent, et al., Defendant. [874 NYS2d 233]—

In an action, inter alia, to recover damages for battery, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated August 21, 2007, as granted that branch of the motion of the defendant Joelaine Cary which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that the defendant Joseph Botta committed battery upon her. In her complaint she also alleged that "Botta acted at the insistence and direction of defendant Joelaine Cary" (hereinafter the respondent). The Supreme Court, inter alia, granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against her.

The respondent established her prima facie entitlement to judgment as a matter of law through the submission of the plaintiff's own deposition testimony wherein the plaintiff admitted that she neither remembered nor heard the respondent say anything or make any gesture to Botta before or during the alleged battery (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition to this proof in admissible form, the plaintiff submitted only the affirmation of her attorney, which lacked probative value and was insufficient to defeat the motion (*see S.J. Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338 [1974]; *Noel v L & M Holding,* 35 AD3d 681 [2006]). There was no evidence submitted that the respondent prompted Botta's actions. Accordingly, the court properly granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against her.

The plaintiff's remaining contention is improperly raised for the first time on appeal (*see Henry v Devonshire Tire Co.,* 50 AD3d 638 [2008]). Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.