The Supreme Court properly granted the motion of the defendant Progressive Corporation (hereinafter Progressive) pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action. The complaint fails to state a cause of action to recover damages based on Progressive’s alleged violation of the covenant of good faith and fair dealing implied in the insurance contract issued to the defendant Charles Robertson (see generally Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 452-454 [1993]; CBLPath, Inc. v Lexington Ins. Co., 73 AD3d 829, 830-831 [2010]). With regard to the plaintiffs allegations that Progressive engaged in fraudulent conduct, the complaint fails to allege any injury or damages sustained as a proximate result of Progressive’s alleged fraudulent conduct (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898 [2010]; Daly v Kochanowicz, 67 AD3d 78, 89 [2009]).
The plaintiffs new theory of liability, which was not raised before the Supreme Court, is improperly raised for the first time on appeal and will not be addressed (see Pierre v Lieber, 37 AD3d 572, 573 [2007]; Wheeler v Town of Hempstead, 238 AD2d 580, 581 [1997]; Gordon v Hong, 126 AD2d 514, 514 [1987]).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Angiolillo, J.P, Dickerson, Leventhal and Chambers, JJ., concur.