Abaza v Executive Town Car & Limo Corp. (2019 NY Slip Op 07945)





Abaza v Executive Town Car & Limo Corp.


2019 NY Slip Op 07945


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-10835
 (Index No. 513762/16)

[*1]Hani Abaza, et al., respondents, 
v
Executive Town Car & Limo Corp., et al., appellants.


Lloyd Patel LLP, New York, NY (Erin Lloyd of counsel), for appellants.
Filosa Graff LLP, New York, NY (Gregory N. Filosa of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of General Business Law § 349, the defendants appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 10, 2018. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated August 4, 2017, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of General Business Law § 349.
ORDERED that the order dated July 10, 2018, is reversed insofar as appealed from, on the law, with costs, upon reargument, the determination in the order dated August 4, 2017, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of General Business Law § 349 is vacated, and that branch of the defendants' motion is granted.
From 2011 through 2016, the plaintiffs Hani Abaza and Theodoros Panoutsopoulos were drivers for the defendant Executive Town Car & Limo Corp. (hereinafter Executive). Executive was a luxury transportation company which connected corporate clients with drivers and processed payments to the drivers. In exchange for those services, Executive retained a portion of the funds collected from the clients. In 2017, the plaintiffs commenced this action, alleging, among other things, that Executive violated General Business Law § 349 by charging customers a 20% gratuity that it retained, rather than paying the gratuity to the plaintiffs. According to the plaintiffs, Executive's clients were deceived into believing that the gratuity was passed along to the drivers, which resulted in the clients not providing a gratuity that they otherwise would have given directly to the plaintiffs.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of General Business Law § 349. In an order dated August 4, 2017, the Supreme Court, among other things, denied that branch of the defendants' motion. In an order dated July 10, 2018, made, in effect, upon reargument, the court adhered to that prior determination. The defendants appeal.
"General Business Law § 349 is a broad consumer protection statute, which declares [d]eceptive acts or practices in the conduct of any business, trade or commerce' to be unlawful" (JP [*2]Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 581, quoting General Business Law § 349). "In order to assert a prima facie cause of action under General Business Law § 349, a plaintiff must be able to establish that a defendant intended to deceive its customers to the customers' detriment and was successful in doing so" (Samiento v World Yacht Inc., 10 NY3d 70, 81).
Contrary to the Supreme Court's determination, Samiento is controlling in this matter. In that case, the Court of Appeals affirmed the dismissal of a General Business Law § 349 cause of action asserted by the plaintiffs restaurant servers, which was predicated upon the defendants' conduct of charging customers gratuities and service fees that the defendants retained in full. The Court reasoned that the plaintiffs failed to state a cause of action under General Business Law § 349 based upon that conduct because they did not allege that the customers suffered a detriment by agreeing to pay the gratuities and service charges. The same reasoning applies here, as the plaintiffs in the present case failed to allege how Executive's customers suffered a detriment by agreeing to pay the gratuity as part of the price for the transportation services.
The plaintiffs' contention that the defendants violated General Business Law § 349 by overcharging Executive's customers for parking and tolls, raised for the first time on appeal, is not properly before this Court (see Walker v George, 97 AD3d 741; Pierre v Lieber, 37 AD3d 572, 573).
In light of our determination, we need not reach the defendants' contention regarding the liability of the individual defendant for violation of General Business Law § 349.
Finally, we decline the defendants' request for the imposition of sanctions based upon allegedly frivolous conduct (see Matter of Park Knoll Owners, Inc. v Park Knoll Assoc., 175 AD3d 1410, 1413).
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court