Sugamele v JPMC Specialty Mtge., LLC (2022 NY Slip Op 02828)

Sugamele v JPMC Specialty Mtge., LLC

2022 NY Slip Op 02828

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-11082
 (Index No. 613238/17)

[*1]Theresa Sugamele, et al., appellants, 
v
JPMC Specialty Mortgage, LLC, defendant, Fay Servicing, LLC, respondent.

Yitzhak Law Group, Great Neck, NY (Michele M. Bowman of counsel), for appellants.
Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa and Anthony P. Scali of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion and private nuisance, the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated August 15, 2019. The order granted the motion of the defendant Fay Servicing, LLC, in effect, for summary judgment dismissing the causes of action to recover damages for conversion and private nuisance insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiffs owned certain real property located in Levittown (hereinafter the property). In an order and judgment of foreclosure and sale entered May 17, 2016, the Supreme Court, among other things, directed the sale of the property. Thereafter, the plaintiffs commenced the instant action against, among others, the defendant Fay Servicing, LLC (hereinafter Fay), the mortgage servicer, asserting, inter alia, causes of action to recover damages for conversion and private nuisance. According to the plaintiffs, Fay entered the property, changed the locks, and installed a lock box without the plaintiffs' consent or permission. Fay moved, in effect, for summary judgment dismissing the causes of action to recover damages for conversion and private nuisance insofar as asserted against it. The court granted Fay's motion, and the plaintiffs appeal.
Contrary to the plaintiffs' contention, Fay made a prima facie showing of entitlement to judgment as a matter of law (see RPAPL 1307[1]; Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). The plaintiffs primarily relied upon their attorney's affirmation, which lacked probative value and was insufficient to defeat the motion (see 1375 Equities Corp. v Buildgreen Solutions, LLC, 120 AD3d 783, 784; Shickler v Cary, 59 AD3d 700). Accordingly, the Supreme Court properly granted Fay's motion, in effect, for summary judgment dismissing the causes of action to recover damages for conversion and private nuisance insofar as asserted against it.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court