Jacobson v Seddio (2024 NY Slip Op 01271)

Jacobson v Seddio

2024 NY Slip Op 01271

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, JJ. 

Index No. 651572/20 Appeal No. 1835 Case No. 2022-04235 

[*1]Laura Lee Jacobson, Appellant,
v
Frank R. Seddio etc., et al., Respondents, Kings County Democratic County Committee, et al., Defendants.

The Law Firm of Ravi Batra, P.C., New York (Ravi Batra of counsel), for appellant.
Boies Schiller Flexner LLP, Albany (George F. Carpinello of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered August 16, 2022, which, insofar as appealed from, granted defendants Martin W. Edelman, Steven R. Finkelstein, Steve Decker, and Abayomi O. Ajaiyeoba's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff Laura Lee Jacobson is a former Justice of the Supreme Court of the State of New York, Kings County. In 2016, while seeking reelection, plaintiff received a "Not Qualified" rating from the Judicial Screening Committee (JSC) of the Kings County Democratic County Committee (KCDCC). The JSC is a subcommittee created by the KCDCC with no independent existence.
Following a failed appeal, plaintiff withdrew her application for reelection with prejudice, allegedly based on the understanding that, due to her withdrawal and pursuant to JSC and KCDCC internal rules, the rating would remain unpublished. Shortly thereafter, multiple negative news articles about plaintiff appeared in the local press. Plaintiff commenced this action, following the dismissal of her federal action (Jacobson v KCDCC, 2018 WL 10228395 [ED NY Sept. 29, 2018, 16-CV-04809] [Lashann Dearcy Hall, D.J.]), alleging that the articles could only have originated with defendants, all of whom are related to the JSC or KCDCC.
The breach of contract claim premised upon defendants' alleged breach of the JSC/KCDCC's internal rules was properly dismissed for lack of standing. Plaintiff does not have standing to enforce defendants' internal rules as she was not a member of the JSC/KCDCC (see Golub v Simon, 28 AD3d 359, 360 [1st Dept 2006] [finding that "[p]laintiff's perception that the condominium's bylaws had been violated by defendants" who owned an adjacent unit," was insufficient to give rise to a private cause of action"] and Soho Bazaar v Board of Managers, 266 AD2d 65, 65-66 [1st Dept 1999] [holding that, "plaintiff, a mere contract vendee, lacks standing to enforce the condominium by-laws"]).
Moreover, with respect to the breach of contract claim premised on alleged promises made to plaintiff in letters between plaintiff and the JSC/KDCC, these letters were signed solely by defendant Edelman in his capacity as chairman of the JSC of the KCDCC. By stipulation dated June 12, 2023, plaintiff agreed to discontinue the action against the KCDCC. Plaintiff is therefore no longer able to pursue a breach of contract claim against KCDCC based on the letters, and none of the remaining defendants signed these letters in their individual capacities.
For the same reasons, plaintiff does not state a quasi-contract cause of action and her claim for promissory estoppel was also properly dismissed.
To the extent plaintiff relies on the Rules of Professional Conduct (RPC) (22 NYCRR1200.0) rules 8.2(a), 8.3(a), 8.4(a)-(d) and (h), this reliance is misplaced. First, plaintiff improperly raises these rules for the first time on appeal (see Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1st Dept 1988[*2]]; Henry v Devonshire Tire Co., 50 AD3d 638, 639 [2d Dept 2008]). Second, there is no private cause of action for violation of the RPC (see Art Capital Group, LLC v Neuhaus, 70 AD3d 605, 607 [1st Dept 2010]).
Further, the defamation claim was properly dismissed. Although the prior federal action was timely commenced within the one-year statute of limitations for defamation (see CPLR 215[3]), the defamation claim was not timely re-asserted within six months of its dismissal from that action (see CPLR 205[a]). The District Court dismissed the federal claims and declined to exercise supplemental jurisdiction over the state law defamation claim by order dated September 29, 2018 (see Jacobson v Kings County Democratic County Comm., 2018 WL 10228395, 2018 US Dist LEXIS 232688 [ED NY Sept. 29, 2018]). Plaintiff's appeal in the federal action did not encompass the defamation claim, notwithstanding the broad language of the notice of appeal (see Jacobson, 788 Fed Appx 770 [2d Cir 2019]). As such, the termination date for purposes of CPLR 205(a) is September 29, 2018 and not the date on which the appeal was decided (see Vitti v Macy's Inc., 2018 NY Slip Op 32809[U], *4-6 [Sup Ct, NY County 2018]; Cook v Deloitte & Touche USA, 2006 NY Slip Op 51675[U], *5-7 [Sup Ct, NY County 2006]).
In view of our disposition of this issue, we need not reach the question of whether the alleged defamatory statements are nonactionable statements of opinion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024