| **MTGLQ Invs., L.P. v Engel** |
| :---: |
| 2025 NY Slip Op 31887(U) |
| May 23, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 524976/17 |
| Judge: Cenceria Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the _23rd day of May, 2025.

P R E S E N T:

HON. CENCERIA EDWARDS,
                                                                 Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MTGLQ INVESTORS, L.P.,


                                        Plaintiff,


        - against -                                          Index No. 524976/17


MOISHE ENGEL A/K/A MOISHE AVIGDOR ENGEL;
SHAINDY ENGEL; BOARD OF MANAGERS OF
RAINSPRING GARDENS CONDOMINIUM; CAPITAL
ONE BANK USA, NA; PORTFOLIO RECOVERY
ASSOCIATES, LLC; AVIGDOR YUDA KLEIN;
MANUFACTURERS AND TRADERS TRUST COMPANY;
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD;
"JOHN DOE #1" through "JOHN DOE #10"
inclusive the names of the ten last name defendants
being fictitious, real names unknown to the plaintiff,
the parties intended being persons or corporations
having an interest in, or tenants or persons in
possession of, portions of the mortgaged premises
described in the complaint,


                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
The following e-filed papers read herein:                NYSCEF Doc Nos.


Notice of Motion/Order to Show Cause/Cross
Motion and Affidavits (Affirmations) _____    59-60, 62-76   88-90
Opposing Affidavits (Affirmations)_____       83-85              91
Reply Affidavits (Affirmations)_____          86, 91


        Upon the foregoing papers in this action to foreclose a mortgage encumbering the

condominium unit at 3916 New Utrecht Avenue, Unit E-4, in Brooklyn (Block 5583, Lot

1020) (Property), plaintiff MTGLQ Investors, L.P. (MTGLQ or Plaintiff) moves (in

[* 1]

motion sequence [mot. seq.] two) for an order: (1) granting it summary judgment, pursuant to RPAPL § 1321 and CPLR 3212; (2) granting it a default judgment against all non-answering defendants, pursuant to CPLR 3215; (3) amending the caption to substitute Chavie Engel in the place and instead of "John Doe #1," substituting Chaim Engel in the place and instead of "John Doe #2" and striking the other John Doe defendants; and (4) appointing a referee to compute the amount due to Plaintiff, pursuant to RPAPL § 1321 (NYSCEF Doc Nos. 59 and 60 at ¶ 2).

Defendants Moishe Engel a/k/a Moishe Avigdor Engel and Shaindy Engel (the Engel Defendants) cross-move (in mot. seq. three) for an order granting them summary judgment dismissing this action (NYSCEF Doc No. 88).

## Background

On December 28, 2017, more than three years after a prior foreclosure action commenced by Chase Home Finance LLC (Chase Home), MTGLQ's predecessor-in-interest, on May 28, 2010 (2010 Foreclosure Action),[1] was dismissed by an April 10, 2014 decision and order (NYSCEF Doc No. 47),[2] MTGLQ commenced this action to foreclose the same mortgage encumbering the Property by e-filing a summons, a complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1-2).

The complaint in this 2017 foreclosure action alleges that on March 25, 2008, Moishe Engel executed a note in the principal amount of $417,000.00 in favor of Plaintiff's

---

[1] *See Chase Home Finance LLC v Engel et al.*, Kings County index No. 13453/2010.
[2] The court dismissed the 2010 Foreclosure Action as "abandoned" on the ground that plaintiff "failed to proceed to entry of judgment within one year of default" (NYSCEF Doc No. 47).

[* 2]

assignor, which was secured by a mortgage executed by Moishe and Shaindy Engel encumbering their Property (NYSCEF Doc No. 1 at ¶¶ 6-7). The complaint alleges that "Defendant Moishe Engel has defaulted in making the monthly payment due on February 1, 2012 and monthly thereafter" (*id.* at ¶ 11). Notably, the complaint alleges that:

> "no other action has been had for the recovery of the said sum secured by the said note and mortgage or any part thereof *except an action commenced in the Supreme Court of the County of Kings bearing Index Number 13453/2010 which action has been discontinued*" (*id.* at ¶ 15 [emphasis added]).

On January 30, 2018, the Engel Defendants answered the complaint, denied the material allegations therein and asserted affirmative defenses, including that "[t]his action is barred by the statute of limitations[,]" "Plaintiff cannot establish that it mailed a notice of default, as required by the terms of the mortgage" and "Plaintiff cannot establish that it served the notice on defendant that is required by RPAPL Section 1304" (NYSCEF Doc No. 24 at 2).

On August 16, 2018, MTGLQ moved for summary judgment, a default judgment against all non-appearing defendants, to amend the caption and for an order of reference (NYSCEF Doc No. 28). The Engel Defendants opposed MTGLQ's motion on the ground that the action is time-barred and Plaintiff failed to comply with notice requirements (NYSCEF Doc No. 45).

By a March 18, 2019 decision and order, the court (Dear, J.) denied MTGLQ's summary judgment motion *without prejudice*, holding that:

> "[c]ontrary to Defendant's contention, the Court merely found an issue of fact as to whether the de-acceleration letter

3

[* 3]

was sent and whether Seterus was authorized to do so. The Court most assuredly did not find that the deacceleration letter was ineffective. It is worth noting that Plaintiff now produces a contemporaneously created notarized affidavit of service of the letter. *It has still not, however, demonstrated that Seterus had standing to deaccelerate*.

"Further, the Rudd Aff is insufficient to demonstrate mailing of the required notices, merely stating that they were sent (*see*, *CitiMortgage, Inc. v Espinal*, 134 AD3d 876 [2d Dept 2015]; *Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982, 983 [2d Dept 2014]; *HSBC v Gerber*, 100 AD3d 966, 967 [2d Dept 2012]; *see also Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680, 729 NTS2d 776 [2d Dept 2001] ['The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed'])" (NYSCEF Doc No. 58 at 1-2 [emphasis added]).

### *MTGLQ's Second Summary Judgment Motion*

On March 12, 2020, about one year later, MTGLQ moved, once again, for summary judgment, a default judgment against the non-appearing defendants, to amend the caption and for an order of reference (NYSCEF Doc No. 59).

MTGLQ submitted an affidavit from Joshua Baxley (Baxley), the Foreclosure Manager of Selene Finance LP (Selene), the current servicer of the subject mortgage and the attorney-in-fact for MTGLQ, pursuant to a February 6, 2019, Limited Power of Attorney (NYSCEF Doc No. 62 at 6-8). Baxley asserts that his affidavit is "based upon my review of Selene's business records and the records of Plaintiff, which have been incorporated into the business records of Selene as they relate to the Note and Mortgage at issue herein" (*id.* at ¶ 1). Baxley further attests that "[t]o the extent that said records were created by a prior servicer and/or holder of the note and mortgage at issue herein, those

4

[* 4]

records were integrated and boarded into Selene's system, such that the prior servicer's records are now part of Selene's records" (*id.* at ¶ 2). Baxley reiterates the allegations in the complaint regarding Moishe Engel's execution of the note and the Engel Defendants execution of the mortgage (*id.* at ¶¶ 4-5). Based on Selene's payment history of the loan (*id.* at 53-58), Baxley attests that "Defendants failed to comply with the terms of the Note and Mortgage by defaulting in the monthly payment due on February 1, 2012, and monthly thereafter" (*id.* at ¶ 9).

MTGLQ also submitted an affidavit from Korey A. Rudd (Rudd), a "Team Lead Foreclosure" at Selene, which is based on Rudd's review of Selene's business records, including "Selene's electronic servicing system and images of correspondence to Borrowers" (NYSCEF Doc No. 63 at ¶ 2). Without mentioning any particular servicer, Rudd generally attests that Selene's business records include the records of prior servicers (*id.* at ¶ 3). Rudd attests that notices of default were mailed by Selene to the Engel Defendants at the Property on September 29, 2017, by both first class and certified mail, and produced copies of the 2017 "Notices of Default and Intent to Accelerate" and Selene's "letter log" (*id.* at ¶ 4 and 11-44). Rudd also attests that "[o]n September 27, 2017, Selene on behalf of the Plaintiff served RPAPL § 1304 Notices . . ." and produces the 90-day pre-foreclosure notices and Selene's "Letter Log" (*id.* at ¶ 6 and 45-182). Notably, Rudd attests that Selene mailed the foregoing notices in accordance with Selene's standard office practice designed to ensure that items are properly addressed and mailed (*id.* at ¶ 7).

5

[* 5]

MTGLQ also submits an attorney affirmation setting forth the chain of title of the mortgage, including an April 1, 2014 assignment from Chase Home to Federal National Mortgage Association (Fannie Mae) and a July 7, 2017 assignment from Fannie Mae to MTGLQ (NYSCEF Doc No. 60 at ¶¶ 7-8). Regarding the 2010 Foreclosure Action, and Seterus's purported de-acceleration of the loan, MTGLQ's counsel affirms that:

> "[a] first Foreclosure Action was dismissed on April 10, 2014 following a Status Conference where it was determined Defendant's predecessor in interest had failed to proceed to entry of judgment within one year of default.
>
> "By letter dated May 12, 2016, which was within six years of the acceleration of the loan on May 28, 2010, Seterus, servicer for Defendant's predecessor in interest, provided formal notice to the borrower that it was de-accelerating the maturity of the subject loan. Further, it withdrew its demand for immediate payment of the Note and Mortgage and additionally reinstated the loan as an installment loan. A copy of the de-acceleration letter, Affidavit of Mailing, made contemporaneously with the mailing of the Notice of De-Acceleration, Mailing Receipt *and Power of Attorney granting Seterus the ability to De-Accelerate* are attached hereto as **Exhibit J**" (*id.* at ¶¶ 14-15 [emphasis added]).

Exhibit J consists of: (1) a May 12, 2016, de-acceleration letter from Seterus *addressed to Moishe Engel only*; (2) a May 12, 2016 "Affidavit of Mailing" from Morgan Piccione attesting that he sent the de-acceleration letter to Moishe Engel, *without identifying for whom he is employed or for whom he mailed the notice*; and (3) copies of a September 12, 2011 Limited Power of Attorney and a March 12, 2015 Limited Power of Attorney between Seterus and Fannie Mae, MTGLQ's predecessor-in-interest (NYSCEF Doc No. 75).

6

[* 6]

MTGLQ's counsel argues that the foregoing is "proof that Seterus had standing to deaccelerate the loan with its May 12, 2016 letter" (*id.* at ¶ 20).

### *The Engel Defendants' Opposition*

On May 27, 2022, after the Covid-19 pandemic, the Engel Defendants opposed MTGLQ's summary judgment motion by submitting an affirmation from defense counsel asserting that MTGLQ's "successive" summary judgment motion should be denied because "[t]he instant motion offers evidence which was in its possession at the time it made its first motion and plaintiff has not set forth a reason that it did not offer such evidence when it made its prior motion" (NYSCEF Doc No. 83 at ¶ 4). Defense counsel also asserts that "[a]lthough the prior motion was denied without prejudice, the Court did not hold that a successive motion did not have to demonstrate 'good cause' for not offering the evidence on the prior motion" (*id.* at ¶ 10).

Regarding the merits of the motion, defense counsel argues that Plaintiff's motion should be denied based on the expiration of the statute of limitations because the Limited Powers of Attorney between Seterus and Fannie Mae are "hearsay and ha[ve] no evidentiary value" since they are only supported by an affirmation from MTGLQ's counsel which lacks any probative value (*id.* at ¶¶ 35-37). Defense counsel further argues that "the plaintiff has not offered an iota of admissible evidence that [Fannie Mae] owned the mortgage at the time of the alleged de-acceleration" (*id.* at ¶ 38). Defense counsel also argues that the de-acceleration letter from Seterus in the record was only addressed to one of the borrowers, Moishe Engel, and thus, "even if the de-acceleration letter was effective

7

[* 7]

to de-accelerate the loan as to Moishe Engel, the Statute of Limitations has expired as to Shaindy Engel" (*id.* at ¶¶ 40-42).

Defense counsel also contends that MTGLQ's summary judgment motion should be denied because MTGLQ failed to demonstrate its strict compliance with RPAPL § 1304 (*id.* at ¶¶ 46-55). Defense counsel relies on a number of Second Department holdings, including *Bank of America v. Kessler*, 202 AD3d 10 (2d Dept 2021), in which the Second Department held that "when a 1304 notice contains language in addition to that required by the statute, the notice does not comply with RPAPL 1304 (2), which requires that the 90[-]day notice be mailed in an envelope separate from any other notice" (*id.* at ¶¶ 49-50).

Defense counsel further argues that MTGLQ has not demonstrated proper service of the September 27, *2017*, 90-day pre-foreclosure notices in the record by Selene on behalf of MTGLQ, since the Limited Power of Attorney between Selene and MTGLQ was not executed until February 6, *2019* (*id.* at ¶¶ 57-69). Defense counsel also asserts that dismissal is warranted because the purported notices of default and the 90-day pre-foreclosure notices fail to identify the lender (*id.* at ¶¶ 71-73).

### *The Engel Defendants' Summary Judgment Cross-Motion*

On June 15, 2022, the Engel Defendants cross-moved for summary judgment based on the Second Department's 2021 holding in *Bank of America v Kessler* claiming that MTGLQ's RPAPL § 1304 notices are invalid because they included additional provisions along with the statutory language (NYSCEF Doc Nos. 88-90).

8

[* 8]

### *MTGLQ's Opposition*

MTGLQ, in opposition to the cross-motion, submits an attorney affirmation asserting that "Plaintiff has met its burden while Defendants have failed to produce any evidence sufficient to establish the existence of a material issue of fact requiring trial" and "Defendant does not dispute the existence of the Note or Mortgage, the default and the failure to cure the default" (NYSCEF Doc No. 91 at ¶¶ 15 and 16). Regarding the Second Department's holding in *Bank of America v Kessler*, MTGLQ's counsel asserts that it concurs with Justice Miller's *dissent*, which argued that "additional language included in the RPAPL § 1304 notices . . . did not violate the content provisions of the statute" (*id.* at ¶¶ 20-22).

## Discussion

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court and should, thus, only be employed when there is no doubt as to the absence of triable issues of material fact (*Kolivas v Kirchoff*, 14 AD3d 493 [2d Dept 2005]; *see also Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dept 2010], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). If it is determined that the movant has made a prima facie showing of entitlement to summary

9

judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]).

Here, MTGLQ has failed to dispose of the issue of fact regarding Seterus's authority and standing to de-accelerate the loan, which was previously identified by the court when MTGLQ's first summary judgment motion was denied by the court without prejudice (NYSCEF Doc No. 58 at 1). While MTGLQ's counsel submits a Limited Power of Attorney between Fannie Mae and Seterus, Plaintiff's counsel's hearsay affirmation lacks any evidentiary value, and thus, cannot establish a foundation for the admission of such documentary evidence (*1375 Equities Corp. v Buildgreen Sols., LLC*, 120 AD3d 783, 784 [2d Dept 2014] [holding that "defendant submitted an attorney's affirmation, which lacked probative value and was insufficient to raise a triable issue of fact"]; *Shickler v Cary*, 59 AD3d 700, 700 [2d Dept 2009] [holding that "plaintiff submitted only the affirmation of her attorney, which lacked probative value and was insufficient . . ."]).

Additionally, defense counsel raised a valid issue of fact in opposition to MTGLQ's summary judgment motion regarding the de-acceleration letter in the record, which reflects that it was only addressed to one of the borrowers, Moishe Engel (NYSCEF Doc No. 75). Even if Seterus was authorized to de-accelerate the loan on behalf of Fannie Mae, the loan was seemingly never de-accelerated with regard to Shaindy Engel, one of the mortgagors.

10

[* 10]

Finally, the *2019* Limited Power of Attorney between Selene and MTGLQ does not establish that Selene had any authority in *2017* to mail the RPAPL § 1304 notices and default notices to the Engel Defendants. Thus, there is an issue of fact regarding Selene's authority to mail the 2017 notices on MTGLQ's behalf. Consequently, for all of the foregoing reasons, MTGLQ's second motion for summary judgment, an order of reference and a default judgment against the non-appearing defendants is denied.

The Engel Defendants' summary judgment cross-motion to dismiss the complaint based on the content of MTGLQ's RPAPL § 1304 notice is also denied. Defense counsel's reliance on the Second Department's holding in *Kessler* and its progeny is misplaced because those holdings were specifically reversed by the Court of Appeals' subsequent decision in *Kessler* that was issued on February 14, 2023, after the parties' summary judgment motion and cross-motion were *sub judice*. In *Bank of Am. v Kessler*, the Court of Appeals specifically rejected the bright-line rule imposed by the Second Department, and held that statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute "other notices" that must be sent in a separate envelope from the RPAPL § 1304 notice and "application of a bright-line rule would contravene the legislative purpose" of RPAPL § 1304 (*Bank of Am., N.A. v Kessler*, 39 NY3d 317, 326 [2023]). Based on the Court of Appeals' holding in *Kessler*, the content of MTGLQ's RPAPL § 1304 notices were proper, despite the fact that the notices included additional information. Accordingly, it is hereby

11

**ORDERED** that MTGLQ's motion (mot. seq. two) is only granted to the extent that the caption is amended to substitute Chavie Engel in the place and instead of "John Doe #1," to substitute Chaim Engel in the place and instead of "John Doe #2" and the other John Doe defendants are stricken from the caption; MTGLQ's motion is otherwise denied; and it is further

**ORDERED** that the caption shall hereinafter read:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MTGLQ INVESTORS, L.P.,

                                   Plaintiff,

               - against -

MOISHE ENGEL A/K/A MOISHE AVIGDOR ENGEL;
SHAINDY ENGEL; BOARD OF MANAGERS OF
RAINSPRING GARDENS CONDOMINIUM; CAPITAL
ONE BANK USA, NA; PORTFOLIO RECOVERY
ASSOCIATES, LLC; AVIGDOR YUDA KLEIN;
MANUFACTURERS AND TRADERS TRUST COMPANY;
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD;
CHAVIE ENGEL; CHAIM ENGEL,

                                Defendants,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X; and it is further

**ORDERED** that the Engel Defendants' summary judgment cross-motion (mot. seq. three) is denied.

This constitutes the decision and order of the court.

                               E N T E R,

                               _____
                               J. S. C.

12

[* 12]